U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 11 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

1:10 -CV- 0037  NAM / RFT

| | |
|---|---|
| **Christopher Campanella**<br>**Plaintiff**<br><br>vs.<br><br>**SOLOMON & SOLOMON, P.C.,**<br>**Defendant** | CASE NUMBER: _____<br><br>**CIVIL RIGHTS COMPLAINT PURSUANT**<br>**TO 15 USC § 1681**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiff in the above-captioned action, allege(s) as follows:

## JURISDICTION

This is a civil action seeking relief and damages to defend and protect the rights guaranteed by

the Constitution of the United States. This action is brought pursuant to 15 U.S.C. § 1681. The

court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1343(3) and (4). The Defendant is

a 3rd party debt collector, as such is governed under the law by Fair Credit Reporting Act 15

USC Section §1681,et seq. The State of New York abides by and adheres to these laws. Thus

establishing the jurisdiction of this honorable court.

## PARTIES

1.   Plaintiff: Christopher Campanella

     Address: 309 Phillips Rd

     Valley Falls, NY  12185

2.   Defendant: Solomon & Solomon, P.C.

     5 Columbia Circle

     Albany, NY  12203

1

# FACTS/ PLAINTIFFS STATEMENT OF CLAIM

COMES NOW THE PLAINTIFF, Christopher Campanella At all times hereinafter mentioned, The Plaintiff was and still is a resident of Rensselaer County, State of New York. From here on Christopher Campanella, will be known as The Plaintiff. Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement upon Which Relief Can Be Granted. The Plaintiff denies ever having any relationship with the Defendants.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect and credit reporting of the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq*.

On or about April 3, 2009, the defendant contacted the plaintiff via United States Postal Service in the form of a bill. The bill had noticed the Plaintiff that there was an outstanding balance with NIAGARA MOHAWK POWER SERVICES.

The plaintiff was unaware of any such agreement or contract with such an entity, and returned the bill to the Defendant, along with a Cease and Desist letter denying obligation of such debt. This mailing was sent certified & Return Receipt number

70082810000099152950 and was signed for by a representative at defendant's office on 4/22/09.

The letter notices Defendant that the validity of the purported debt was disputed, and if the Defendant failed to verify/validate such purported debt within 30 days, that the Defendant would discontinue collections, and abide by the FDCPA and the FCRA.

After the 30 day window, including holidays and mailing days, the Plaintiff, having not received a response from Defendant, sent a Lawful Notice letter acknowledging that the Plaintiff has failed to receive validation/verification of any purported debt, and they have thus been defaulted administratively from proceeding any further. The Lawful Notice was also sent certified & Return Receipt number 70082810000099153223 and was signed for by a representative at defendant's office. On 5/29/09.

The Plaintiff had then noticed that the Defendant had reported erroneous and inaccurate information in all three of the Plaintiffs major credit reports. (TransUnion, Experian and Equifax) starting in April 2009.

Plaintiff had then contacted all three bureaus requesting that Defendant be removed for false and inaccurate information. Plaintiff was then contacted by the Bureaus with updated and accurate credit reports, proving that Defendant failed to mark the item "disputed" in all three reports.

Plaintiff then sent another Lawful Notice to Defendant demanding removal of all erroneous and inaccurate information from all three credit reports, along with a notice of Defendant being in violation of the FCRA.  The Lawful Notice was also sent certified & Return Receipt number 70083230000033681062, and was signed for by a representative at defendant's office on 12/17/09.

.

The Defendant has ignored ALL requests from the plaintiff, forcing him to this action requesting the intervention of this honorable court..

## CAUSE OF ACTION - COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

The Defendant must inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report for 10 months even after informing the Defendant of this and asking for proof of any account and has not done so to date.

The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], et seq. As follows:

A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over 8 months.

B. Continually updating the Plaintiff's credit report for over 10 months with this erroneous and inaccurate information..

According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person

5

to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**The information from the Defendant on the TransUnion/Experian/Equifax credit report of Plaintiff does not reflect that the information is disputed by the consumer.** According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,

(2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**Plaintiff demands Judgment in the amount of $30,000.00.**

**$1,000 for each month the defendant violated the act by updating the Plaintiffs credit reports with inaccurate and erroneous information. All 3 credit reports were inaccurately updated monthly = $3,000 x 10 Months= $30,000.**

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

Plaintiff has notified defendant multiple times by certified mail that the Plaintiff disputes the inaccurate information. Defendant continues to report the alleged debt on the TransUnion, Experian and Equifax credit report of Plaintiff to date.

7

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,

(2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**Plaintiff has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inaction's of the defendants.**

**THEREFORE Plaintiff requests judgment against Defendant for damages $50,000.00 plus costs and fees and punitive damages as allowed by the court. Defendant has never obtained verification of the account or mailed/provided such verification to the Plaintiff.**

WHEREFORE, the defendant has violated the Fair Credit Reporting Act. Plaintiff demands

Judgment in the amount of $30,000, plus all costs of this action along with punitive damages in the amount of $50,000.  Respectfully submitted this __11th__ day __January__ of 2010.

Respectfully submitted,.

Christopher Campanella
309 Phillips Rd
Valley Falls, NY  12185
518-772-4737
Ccampan1@nycap.rr.com