**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER CAMPANELLA,**

                   **Plaintiff _Pro Se_,**

        **vs.**

                                         **1:10-CV-0037 (NAM/RFT)**

**SOLOMON & SOLOMON, P.C.,**

                   **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

Christopher Campanella, _Pro Se_
Valley Falls, New York

Solomon and Solomon, PC                    Douglas M. Fisher, Esq.
Colombia Circle
Box 15019
Albany, New York 12212-5019

Hon. Norman A. Mordue, Chief U.S. District Judge:

**MEMORANDUM DECISION AND ORDER**

**I.      INTRODUCTION**

     Plaintiff _pro se_ Christopher Campanella filed a complaint alleging that defendant Solomon and Solomon, PC violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, by failing to inform the national consumer reporting agencies that plaintiff's alleged debt to Niagara Mohawk Power Services was in dispute.  Plaintiff seeks compensatory and punitive damages. Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal

of the complaint.[1]

## II.     COMPLAINT

According to the complaint, on or about April 3, 2009, defendant mailed plaintiff a bill that "noticed the Plaintiff that there was an outstanding balance with Niagara Mohawk Power Services."  Plaintiff alleges that he was "unaware of any such agreement or contract with such an entity, and returned the bill to the Defendant, along with a Cease and Desist letter denying obligation of such debt."  In the letter, plaintiff notified defendant that the validity "of the purported debt was disputed" and "if the Defendant failed to verify/validate such purported debt within 30 days, that the Defendant would discontinue collections, and abide by the [Fair Debt Collection Practices Act] and the FCRA."

Plaintiff alleges that "[a]fter the 30 day window . . . having not received a response from Defendant, sent a Lawful Notice letter acknowledging that the Plaintiff has failed to receive validation/verification of any purported debt".

According to the complaint, beginning in April 2009, plaintiff "noticed that the Defendant had reported erroneous and inaccurate information in all three of the Plaintiff[']s major credit reports", TransUnion, Experian and Equifax.  Plaintiff contacted all three bureaus and requested that "[d]efendant be removed for false and inaccurate information."  Plaintiff alleges that he was "then contacted by the Bureaus with updated and accurate credit reports, proving that Defendant failed to mark the item 'disputed' in all three reports."

Plaintiff alleges that he "then sent another Lawful Notice to Defendant demanding

---

[1]Defendant's request, pursuant to Fed. R. Civ. P. 12(d), that the Court treat its motion as one for summary judgment and consider the exhibits defendant submitted is denied. The Court has confined its review to the complaint.

2

removal of all erroneous and inaccurate information from all three credit reports, along with a notice of Defendant being in violation of the FCRA."   According to the complaint, "[d]efendant has ignored ALL requests from the plaintiff, forcing him to this action requesting the intervention of this honorable court."

The complaint contains two causes of action alleging that defendant violated the FCRA: first, by failing to inform the national credit reporting agencies that the alleged account is in dispute in violation of § 1681s-2(a); and second by willfully failing to comply with its obligations under § 1681s-2(b).  As a result, plaintiff alleges he has "a negatively impacted credit score" and seeks compensatory and punitive damages.

## III.   DISCUSSION

### A.   Standard

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a cause of action.  To survive a Rule 12(b)(6) motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint should be especially liberally construed when it is submitted *pro se*.  *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).  The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**B.      First Cause of Action - 15 U.S.C. § 1681s-2(a)**

Defendant argues that the complaint fails to state a claim because there is no private right

of action under § 1681s-2(a)[2] for defendant's alleged failure, as a "furnisher of information", to

_____

[2]Section 1681s-2(a) states, in relevant part:

(a) Duty of furnishers of information to provide accurate information
      (1) Prohibition
            (A) Reporting information with actual knowledge of errors
            A person shall not furnish any information relating to a consumer to
            any consumer reporting agency if the person knows or has reasonable
            cause to believe that the information is inaccurate.
            (B) Reporting information after notice and confirmation of errors
            A person shall not furnish information relating to a consumer to any
            consumer reporting agency if--
                    (i) the person has been notified by the consumer, at the
                    address specified by the person for such notices, that specific
                    information is inaccurate; and
                    (ii) the information is, in fact, inaccurate.

. . . .

            (D) Definition
            For purposes of subparagraph (A), the term "reasonable cause to
            believe that the information is inaccurate" means having specific
            knowledge, other than solely allegations by the consumer, that would
            cause a reasonable person to have substantial doubts about the
            accuracy of the information.
      (2) Duty to correct and update information
      A person who--
            (A) regularly and in the ordinary course of business furnishes
            information to one or more consumer reporting agencies about the
            person's transactions or experiences with any consumer; and
            (B) has furnished to a consumer reporting agency information that the
            person determines is not complete or accurate, shall promptly notify
            the consumer reporting agency of that determination and provide to
            the agency any corrections to that information, or any additional
            information, that is necessary to make the information provided by
            the person to the agency complete and accurate, and shall not
            thereafter furnish to the agency any of the information that remains
            not complete or accurate.
      (3) Duty to provide notice of dispute

4

report a dispute to the consumer reporting agencies.  Plaintiff opposes defendant's motion.

Even assuming that defendant failed to inform the consumer reporting agencies that plaintiff's alleged debt to Niagara Mohawk Power Corporation was in dispute, in violation of its duties under § 1681s-2(a), the complaint does not "state a claim to relief that is plausible on its face", *Ruotolo*, 514 F.3d at 188, because there is no private right of action for violations of § 1681s-2(a).  15 U.S.C. § 1681s-2(c) ("Except as provided in section 1681s(c)(1)(B) of this title, section[] 1681n [civil liability for willful noncompliance] . . . do[es] not apply to any violation of– . . . (1) subsection (a) of this section, including any regulations issued thereunder . . . ."); 15 U.S.C. § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section . . . shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title."); *see also Weich-Pulaski v. Wells Fargo Bank Minnesota, Nat. Ass'n*, No. CV 09-1670, 2010 WL 5491113 at *4 (E.D.N.Y. Dec. 9, 2010) ("There is . . . 'no private cause of action under section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.'" (quoting *Kane v. Guaranty Residential Lending, Inc*., No. 04-CV-4847, 2005 WL 1153623 at *4 (E.D.N.Y. May 16, 2005)); *Neblett v. Chase Bank*, No. 09 Civ. 10574, 2010 WL 3766762 at *5 (S.D.N.Y. Sep. 27, 2010).  Accordingly, defendant's motion to dismiss plaintiff's first cause of action, which alleges defendant violated § 1681s-2(a), granted.

---

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

15 U.S.C. § 1681s-2(a).

**B.      Second Cause of Action - 15 U.S.C. § 1681s-2(b)**

The second cause of action alleges that defendant willfully failed to comply with its

duties, as a furnisher of information, as set forth in § 1681s-2(b)[3]. Defendant moves for dismissal

of this cause of action on the basis that it fails to state a claim for relief.  Plaintiff opposes

_____

[3]Section 1681s-2(b) states, in relevant part:

(b) Duties of furnishers of information upon notice of dispute
　　　(1) In general
　　　After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute
　　　with regard to the completeness or accuracy of any information provided by
　　　a person to a consumer reporting agency, the person shall--
　　　　　　(A) conduct an investigation with respect to the disputed information;
　　　　　　(B) review all relevant information provided by the consumer
　　　　　　reporting agency pursuant to section 1681i(a)(2) of this title;
　　　　　　(C) report the results of the investigation to the consumer reporting
　　　　　　agency;
　　　　　　(D) if the investigation finds that the information is incomplete or
　　　　　　inaccurate, report those results to all other consumer reporting
　　　　　　agencies to which the person furnished the information and that
　　　　　　compile and maintain files on consumers on a nationwide basis; and
　　　　　　(E) if an item of information disputed by a consumer is found to be
　　　　　　inaccurate or incomplete or cannot be verified after any
　　　　　　reinvestigation under paragraph (1), for purposes of reporting to a
　　　　　　consumer reporting agency only, as appropriate, based on the results
　　　　　　of the reinvestigation promptly--
　　　　　　　　　(i) modify that item of information;
　　　　　　　　　(ii) delete that item of information; or
　　　　　　　　　(iii) permanently block the reporting of that item of
　　　　　　　　　information.
　　　(2) Deadline
　　　A person shall complete all investigations, reviews, and reports required
　　　under paragraph (1) regarding information provided by the person to a
　　　consumer reporting agency, before the expiration of the period under section
　　　1681i(a)(1) of this title within which the consumer reporting agency is
　　　required to complete actions required by that section regarding that
　　　information.

15 U.S.C. § 1681s-2(b).

6

defendant's motion.

"[C]ourts have generally allowed consumers to pursue private claims for 'willful or negligent noncompliance with Section 1681s-2(b).'" *Kane*, 2005 WL 1153623 at *5 (quoting *Redhead v. Winston & Winston, P.C.*, No. 01 Civ. 11475, 2002 WL 31106934 at *5 (S.D.N.Y. Sep. 20, 2002) (citing cases)). Such a claim, however, must include a showing "that the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed." *Redhead*, 2002 WL 31106934 at *5. In *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002), the Fifth Circuit explained that:

> the FCRA establishes a duty for a consumer reporting agency . . . to give notice of a dispute to a furnisher of information . . .within five business days from the time the consumer notifies the consumer reporting agency of the dispute. 15 U.S.C. § 1681i(a)(2). Such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b). 15 U.S.C. § 1681s-2(b)(1) (" *After* receiving notice pursuant to [section 1681i(a)(2) ] of this title of a dispute ...." (emphasis added)). Thus, any private right of action . . . under § 1681s-2(b) would require proof that a consumer reporting agency . . . had notified [the furnisher of information] pursuant to § 1681i(a)(2).

*Id*. (citing 15 U.S.C. § 1681s-2(b) (cross-referencing § 1681i(a)(2) and establishing duties of furnishers of information arising upon notice of a dispute)).

In this case, the complaint alleges that plaintiff:

> noticed that the Defendant had reported erroneous and inaccurate information in all three of the Plaintiff[']s major credit reports . . . . Plaintiff had then contacted all three bureaus requesting that Defendant be removed for false and inaccurate information. Plaintiff was then contacted by the Bureaus with updated and accurate credit reports, proving that Defendant failed to mark the item 'disputed' in all three reports.

(Emphasis added).

Even construing the *pro se* complaint to raise the strongest argument it suggests, as it must, the Court finds that it fails to state a plausible claim under § 1681s-2(b). Although the complaint alleges that plaintiff contacted three credit reporting agencies to report a dispute, there

is no allegation that defendant received notification of the disputed debt from a credit reporting agency.  Thus, the complaint fails to state a plausible claim.  *See Salib v. I.C. System, Inc*., 2002 WL 31060368 at *2 (D.Conn. Jul. 24, 2002) ("liability hinges on whether or not I.C. System failed to conduct an investigation with respect to Salib's claim that the debt was not owing.  I.C. System's obligation to investigate under the FCRA is not triggered unless a credit reporting agency, not the plaintiff, notified it of the dispute.") (citing *Young*, 294 F.3d at 639); *Smith v. National City Mortgage*, No. A-09-CV-881, 2010 WL 3338537 at *15 (W.D.Tex Aug. 23, 2010) ("Because Plaintiffs' Amended Complaint fails to allege that the Defendants were ever notified [by a consumer reporting agency] of any inaccurate information contained in Plaintiffs' consumer credit report and failed to correct any alleged errors, Plaintiffs fail to state a viable claim under § 1681s-2(b).").

In light of plaintiff's *pro se* status, however, the Court will permit plaintiff an opportunity to submit an amended complaint **within thirty (30) days** from the date of the filing of this Memorandum Decision and Order.  Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  **Plaintiff's failure to file such an amended complaint will result in dismissal of this action without prejudice without further Order of the Court**.

IV.    **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss is granted; and it is further

**ORDERED** that should plaintiff wish to proceed with this action, he is directed to file an amended complaint **within thirty (30) days** of the filing date of this Memorandum Decision and

Order which complies with the pleading requirements of the Federal Rules of Civil Procedure and the terms of this Memorandum Decision and Order; and it is further

**ORDERED** that should plaintiff fail to comply with the terms of this Memorandum Decision and Order within the time period specified above, the Clerk shall enter judgment dismissing this action **without prejudice** without further Order of this Court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Decision and Order by certified mail upon plaintiff.

**IT IS SO ORDERED.**

Date:   March 16, 2011

Norman A. Mordue
Chief United States District Court Judge

9